UNITED STATES of America,
Appellant,

v.

Harvey MIGHELL and Florence Mighell,
Appellees.

In the Matter of Harvey MIGHELL and
Florence Mighell, Bankrupts.

No. 6151.

United States Court of Appeals
Tenth Circuit.

Dec. 18, 1959.

Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., Wilbur G. Leonard, U. S. Atty., and E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan., were with him on the brief), for appellant.

Ernest Rice, Topeka, Kan., and Clarence H. Wood, Kansas City, Kan., for Marvin E. Thompson, amicus curiae.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The questions presented here are (1) whether claims of the United States for income tax penalties and for post-bankruptcy interest survive bankruptcy and may be recovered out of property acquired after discharge in bankruptcy and (2) whether a court of bankruptcy may, in the exercise of its equitable powers, enjoin attempts to collect such claims.

The bankrupts, Harvey and Florence Mighell, filed proceedings for an arrangement under Chap. XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq., were adjudicated bankrupts, and later, without objection, received a general discharge in bankruptcy. The agreed facts show that on the date of bankruptcy there was an income tax deficiency of $78,312.26, accrued interest thereon of $26,931.55, and penalties of $46,789.33 covered by

a pre-bankruptcy lien. The referee, upheld by the district court, allowed claims for the taxes and interest thereon to date of bankruptcy and the penalties covered by pre-bankruptcy liens to the extent of the value of the security.[1] The Director of Internal Revenue was enjoined from asserting any claim against the bankrupts for penalties and interest other than the amounts expressly allowed.

■ The United States contends (1) that post-bankruptcy interest and penalties covered by pre-bankruptcy liens survive bankruptcy and (2) that the injunction against the Director was improper.

The United States concedes that in City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, it was held that post-bankruptcy interest may not be allowed on tax claims not covered by lien and distinguishes this case on the basis that here there was a pre-bankruptcy lien. In two recent decisions, United States v. Harrington, 4 Cir., 269 F.2d 719, and United States v. Bass, 9 Cir., 271 F.2d 129, decided October 19, 1959, this contention of the United States has been rejected and post-bankruptcy interest on liened tax claims denied. As we agree with those decisions, no good purpose would be gained by going over the same ground that they have covered adequately. Suffice it to say that here there is no claim that this case falls within any of the three exceptions discussed in those decisions.[2]

As to the penalties, the argument is that the lien places them in the same status as taxes and as taxes survive bankruptcy by the provisions of § 17 of the Bankruptcy Act,[3] penalties likewise survive.

Section 57, sub. j of the Bankruptcy Act[4] provides that debts owing the United States as a penalty shall not be allowed except in a situation not present here. Section 67, sub. b[5] provides that statutory liens for taxes and debts owing to the United States are valid against the trustee. This court in Grimland v. United States, 10 Cir., 206 F.2d 599, followed the Sixth and Ninth Circuits[6] in holding that § 57, sub. j does not apply when the penalties are covered by a valid and existing lien at the time of bankruptcy. The Fourth and Fifth Circuits have held to the contrary.[7] We are asked to reexamine the decision in Grimland but we decline to do so. The conflict between the two lines of decision can only be resolved by the Supreme Court.

■ In Grimland it was held that a claim by the United States for tax penalties covered by a pre-bankruptcy lien "may be enforced to the extent of the lien."[8] The problem relates to penalties not satisfied out of the lien. The United States contends that § 3670 of the 1939 Internal Revenue Code,[9] which provides a lien for unpaid taxes, interest, and penalties, places penalties on the same basis as taxes, or assimilates them with

---

1. The record does not disclose to what extent such pre-bankruptcy liens were covered by security.

2. The brief of the United States states that the assets in the bankruptcy estate available for payment of claims of the United States are insufficient to pay the entire amount of those claims.

3. 11 U.S.C.A. § 35.

4. 11 U.S.C.A. § 93, sub. j.

5. 11 U.S.C.A. § 107.

6. Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co. of Henderson, Ky., 6 Cir., 139 F.2d 266, 267, and In re Knox-Powell-Stockton Co., 9 Cir., 100 F. 2d 979, 983.

7. United States v. Phillips, 5 Cir., 267 F.2d 374, 377, and United States v. Harrington, 4 Cir., 269 F.2d 719, 724–726.

8. 206 F.2d 601.

9. Section 3670 reads thus:
"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C.A. § 3670.

taxes, and hence when a lien is filed the penalties take on the characteristics of taxes and by the provisions of § 17 of the Bankruptcy Act survive bankruptcy. The holding in Grimland recognizes the difference between taxes and penalties by holding that penalties are recoverable from the trustee only to the extent that they may be satisfied from the security to which the lien attaches. It follows that penalties may not be allowed to the extent that they exceed the lien. No such limitation applies to taxes.

■ The penalties with which we are dealing are sanctions imposed to compel timely payment of taxes.[10] They are not taxes and their assimilation with taxes for lien purposes does not make them taxes. If Congress had intended that penalties survive discharge in bankruptcy, it could easily have added appropriate language to § 17.

■ Section 17 provides that a discharge in bankruptcy releases a bankrupt "from all of his provable debts, whether allowable in full or in part." The United States argues that to the extent that the penalties are not allowable they are not provable and hence not released by discharge. The penalties claimed here were liquidated in amount and not contingent to liability. They were proved in full and allowed in part. To the extent that they were not satisfied out of the pre-bankruptcy lien, the plain language of § 17 releases the bankrupts from liability.

■ The United States contends that the district court abused its discretion in enjoining the Director from asserting against the bankrupts any claims for interest and penalties other than those expressly allowed. The argument is that the bankruptcy court determines the right to discharge but, except in unusual circumstances nonexistent here, does not determine the effect of discharge.

In Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, the Supreme Court held that a bankruptcy court has the power to protect its orders by ancillary proceedings and, in unusual circumstances, may enjoin a threatening creditor from proceeding against assets earned by the bankrupt after discharge where the debt was provable and dischargeable in the bankruptcy proceedings. This circuit followed the Hunt decision in Personal Industrial Loan Corporation v. Forgay, 10 Cir., 240 F.2d 18, 19, saying that the power to enjoin "is not an absolute power and may be exercised only under such conditions as appeal to the equitable conscience of the court."

Abuse of discretion is claimed on the ground that the bankruptcy court has anticipated an action for collection and an erroneous interpretation of the discharge order. The difficulty is that the claim of the United States is based upon a statutory lien which requires no judgment to make it effective. The need for injunctive relief is more apparent here than it was in the Forgay case where state court action was necessary to collect the debt and the discharge could have been pleaded in bar.

The remedy in bankruptcy proceedings of an injunction against the District Director of Internal Revenue was expressly ordered in National Foundry Co. of N. Y. v. Director of Internal Revenue, 2 Cir., 229 F.2d 149, 150, in circumstances which differ from those under consideration here only in the fact that there a corporation was involved and here we are concerned with individuals. In the National Foundry case it was said that proceedings to collect were "at best futile, at worst inimical to the future welfare of the newly reorganized corporation." That statement applies here. There is no significant distinction between a reorganized corporation struggling to regain financial health and an individual seeking relief from overburdensome debts. The issuance of the injunctive order in the circumstances of this case was not an abuse of discretion.

Affirmed.

---

10. De Laney v. City and County of Denver, 10 Cir., 185 F.2d 246, 253.