Matter of the KERBER PACKING COM-
PANY, Debtor.

UNITED STATES of America,
Appellant,

v.

Nathan YORKE, Trustee, Appellee.

No. 12781.

United States Court of Appeals
Seventh Circuit.

March 29, 1960.

Charles K. Rice, Asst. Atty. Gen., Karl Schmeidler, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Lee A. Jackson, I. Henry Kutz, Attorneys, Department of Justice, Washington, D. C., John Peter Lulinski, Glenn R. Heyman, Asst. U. S. Attys., Chicago, Ill., Richard C. Bleloch, Nicholas Manos, Asst. U. S. Attys., Chicago, Ill., for appellant.

Jacob Cohen, Chicago, Ill., J. H. Schwartz, Chicago, Ill., for appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and JUERGENS, District Judge.

JUERGENS, District Judge.

This is an appeal from the United States District Court for the Northern District of Illinois, Eastern Division, inquiring whether the United States is entitled to post-petition interest on unpaid taxes where its claims for taxes and interest have been secured by liens which

arose and were perfected prior to the filing of the petition in reorganization.

The facts are not in dispute and generally stated are as follows:

The Kerber Packing Company filed a petition in reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., on February 20, 1957.

The Government filed claims against the estate; these claims are for Federal Insurance Contributions Act, 26 U.S.C.A. (I.R.C.1954) § 3101 et seq., withholding, unemployment and corporation income taxes owing by the debtor plus interest thereon. Prior to the reorganization proceedings the Government had obtained liens for a part of the taxes due to secure payment of these taxes and interest. Included in the Government's claims is $5,440.19 for interest on $37,501.17, which interest accrued between the date of filing the petition in reorganization and April 30, 1959. The propriety of this interest charge is the only contested matter.

■ Although this is a proceeding under Chapter X of the Bankruptcy Act, the rights of creditors are no greater than in ordinary bankruptcy proceedings and the right to claim interest subsequent to filing of a petition under Chapter X must be dealt with the same as claims in bankruptcy proceedings generally. United States v. Edens, 4 Cir., 1951, 189 F.2d 876.

The United States does not claim any post-petition interest on claims upon which liens had not been perfected prior to the filing of the petition in reorganization.

The referee disallowed the Government's claim to the extent that it represented post-petition interest and allowed the balance. His action was affirmed by the District Court. The United States in its appeal asserts that the District Court erred in holding that the tax lien of the United States is not entitled to payment of post-bankruptcy interest from assets of the debtor company.

For the reasons hereinafter set forth we agree with the District Court.

■ As a general proposition of long standing, it has been held in bankruptcy and other insolvency proceedings that interest upon claims stops with the initiating of the proceedings. This proposition, however, is subject to three exceptions.

The Supreme Court in Thomas v. Western Car Co., 1893, 149 U.S. 95, 116, 13 S.Ct. 824, 833, 37 L.Ed. 663, said:

"* * * As a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate. * * *"

The Supreme Court in City of New York v. Saper, 1949, 336 U.S. 328, 330, 69 S.Ct. 554, 555, 93 L.Ed. 710, had this to say relative to the interest question:

"* * * More than forty years ago Mr. Justice Holmes wrote for this Court that the rule stopping interest at bankruptcy had then been followed for more than a century and a half. He said the rule was not a matter of legislative command or statutory construction but, rather, a fundamental principle of the English bankruptcy system which we copied. Sexton v. Dreyfus, 219 U.S. 339, 344, [31 S.Ct. 256, 55 L.Ed. 244]. Our present statute contains no provision expressly repudiating that principle or allowing an exception in favor of tax claims. Every logical implication from relevant provisions is to the contrary. * * *"

The three exceptions to the rule that in bankruptcy and other insolvency proceedings interest upon claims stops with the initiating of the proceedings are as follows: (1) where the bankrupt ultimately proves to be solvent; (2) where securities, held by the creditor, themselves produce income after the filing of the petition; and (3) where the amount of the secured creditor's security is sufficient to satisfy both principal and interest on the secured claim. In re Lykens

Hosiery Mills, Inc., Debtor, D.C.S.D.N.Y. 1956, 141 F.Supp. 895; United States v. Bass, 9 Cir., 1959, 271 F.2d 129.

The Government contends that having perfected its tax lien prior to the date of filing, it became a secured creditor in the amount of its liened claims and enjoys the same status as all other secured creditors, that the validity of its lien is recognized and protected by the Bankruptcy Act, and that as such secured creditor it comes within the provisions of the third exception to the rule that no interest shall be allowed subsequent to the filing in bankruptcy proceedings.

In appraising the Government's assertion that its liened tax claims bring it within the third exception, it is appropriate to note that those cases wherein the third exception has been applied are readily distinguishable from this case.

The third exception to the rule that interest does not accrue subsequent to filing provides protection to the creditor in his security which on liquidation produces a sufficient amount to satisfy the encumbrance and interest thereon. In the case of a mortgage or deed of trust, an encumbrance is placed on the property voluntarily by the debtor as security for his deed after agreement with the creditor. By this act the debtor authorizes not only the satisfaction of the deed out of the sale of the particular property but agrees to the payment of any deficiency that might arise after the sale and that other property he may own may be subjected to execution for payment of a deficiency judgment.

This exception has been recognized by the courts to the extent of allowing post-bankruptcy interest to creditors who are deemed to have bargained for collateral to secure not only the principal obligation but the interest thereon as well. Usually the allowance has been in cases involving either mortgages, deeds of trust, bonds secured by collateral or a vendor's lien on a particular chattel and involving liens upon specific property of the bankrupt growing out of a contract between him and the creditor. United States v. Harrington, 4 Cir., 1959, 269 F.2d 719.

The security which the Government obtained by its tax lien is in the form of a general lien perfected pursuant to the provisions of the Internal Revenue Code and attaches upon all property and right to property, whether real or personal. A general lien of this type is distinguishable from specific security involved in those cases where the courts have seen fit to recognize the existence of an exception to the general rule and have applied the third exception to the general rule. The specific security involved in cases where the third exception has been applied resulted from a voluntary transaction between the debtor and creditor and the payment of interest was contemplated by the parties. There is a very clear distinction between those liens where exceptions have been provided and the lien here asserted by the Government.

The United States concedes that in City of New York v. Saper, supra, it was held that post-bankruptcy interest may not be allowed on tax claims not covered by a lien, but it seeks to distinguish this case on the basis that here there was a prebankruptcy lien perfected. The Government seeks to limit the holding of the Saper case to the facts presented to the court in that case and argues that the role of the Saper case ought not to apply where tax claims have been reduced to liens, that a distinction must be made between taxes for which a lien has been perfected and those taxes upon which a lien has not been perfected. It argues that the perfected lien is a specific lien, that it is specific in the sense that upon filing proper notice the lien attaches to all property owned by the taxpayer and, although it attaches to more than one portion of the property, it is sufficiently specific to provide priority over other liens.

The broad language of the Saper case appears to deny post-bankruptcy interest on all tax claims. We do not believe that the Supreme Court intended the applica-

tion of the principles set out therein to be restricted to non-liened taxes.

In three recent decisions, United States v. Harrington, 4 Cir., 1959, 269 F. 2d 719; United States v. Bass, 9 Cir., 1959, 271 F.2d 129; and United States v. Mighell, 10 Cir., 1959, 273 F.2d 682, the United States contended for post-bankruptcy interest on liened tax claims. Each of these courts rejected the post-bankruptcy interest on liened tax claims. We agree with those decisions.

The application of the exceptions to the allowance of interest on claims subsequent to filing of a petition in bankruptcy or other insolvency proceedings should not be extended by judicial fiat.

The District Court's disallowance of the claim of the United States for post-bankruptcy interest on its liened tax claims is affirmed.

Affirmed.