**Paul F. BRUNING, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 561-60.**

United States District Court
S. D. California,
Central Division.
April 10, 1961.

Ernest R. Mortenson, Pasadena, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Plaintiff incurred liability for withholding and Social Security taxes as an employer for the fourth quarter of the year 1951, but failed to pay more than a portion of this liability. On July 6, 1953, he filed a voluntary petition in bankruptcy and was on the same day adjudicated a bankrupt. The District Director of Internal Revenue filed a claim in the bankrupcty proceedings for the delinquent taxes. No dividend was received by the general creditors in the bankruptcy proceedings and the dividend received by the defendant on its priority claim for taxes was only a fraction of the assessed amount. Plaintiff was granted a discharge in bankruptcy on October 29, 1953.

In 1957 plaintiff filed claims for the refund of his income taxes paid for the years 1953 and 1954. These claims were audited and plaintiff was allowed a net operating loss which gave rise to a deduction and thus a credit for income taxes and interest paid for the years 1953 and 1954.

On March 7, 1958, the Director of Internal Revenue applied the entire 1953 credit and a part of the 1954 credit against the balance of the assessment of the withholding and FICA taxes for the fourth quarter of 1951 plus accrued interest and additions to tax computed to that date. Of the amount so applied, a portion was allotted to the interest and additions to taxes accrued to that date. (Defendant concedes errors in the computation of interest which will give plaintiff an overpayment of $40.40 in any event.) The amount of interest which had accrued during the period between the filing of petition in bankruptcy on July 6, 1953, and the date of credit March 7, 1958, was $795.40, and is the amount involved in this action.

The plaintiff has satisfied all jurisdictional prerequisites to this suit for refund, having paid the post-petition interest, filed a claim for refund, and the refund having been denied.

The question for determination is whether interest on delinquent taxes claimed in the bankruptcy estate accrues after the filing of a petition in bankruptcy and is collectible from the taxpayer himself, who is discharged in bankruptcy. Both parties agree that such interest does not accrue on the claim *against the estate*. The narrow question presented is whether the interest may be collected from the taxpayer himself, by resorting to after-acquired assets or property exempt from the bankruptcy proceedings.

Plaintiff relies on the case of City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, where the Su-

preme Court held that tax claims against a *bankruptcy estate* bear interest only until the date of bankruptcy, not until payment. The Court's rationale appears at pages 330-332 of 336 U.S., at page 555 of 69 S.Ct.:

" * * * More than forty years ago Mr. Justice Holmes wrote for this Court that the rule stopping interest at bankruptcy had then been followed for more than a century and a half. He said the rule was not a matter of legislative command or statutory construction but, rather, a fundamental principle of the English bankruptcy system which we copied. Sexton v. Dreyfus, 219 U.S. 339, 344 [31 S.Ct. 256, 55 L.Ed. 244]. Our present statute contains no provision expressly repudiating that principle or allowing an exception in favor of tax claims. Every logical implication from relevant provisions is to the contrary. Section 63, sub. a(1), 11 U.S.C. § 103, sub. a(1) allows interest on judgments * * * only to date of bankruptcy. Section 63, sub. a(5), 11 U.S.C. § 103, sub. a(5) allows interest only to that date on debts reduced to judgment after bankruptcy. No provision permits post-bankruptcy interest on other claims in general or tax claims in particular. Section 57, sub. j, 11 U.S.C. § 93, sub. j, 11 U.S.C.A. § 93, sub. j, forbidding allowance of government penalties or forfeitures permits allowance of losses sustained by the acts penalized, with actual costs and 'such interest as may have accrued thereon according to law.' However, on its face this appears to delimit even such allowable debts as of the date of bankruptcy and to allow no more interest than does § 63 with respect to the claims there specified. Moreover, there is no interest except that which accrues according to law—it is exactly such interest that the 'fundamental principle' cuts off as of bankruptcy. Section 57, sub. n, 11 U.S.C. § 93, sub. n, 11 U.S.C.A. § 93, sub. n, requires governmental claims to be proved in the same manner and within the same time as other debts and only for cause shown may a reasonable extension be granted. Tax claims are treated the same as other debts except for the fourth priority of payment, § 64, sub. a, 11 U.S.C. § 104, sub. a, 11 U.S.C.A. § 104, sub. a, and the provision making taxes nondischargeable, § 17, 11 U.S.C. § 35, 11 U.S.C.A. § 35. But each of these sections is silent as to interest.

"The long-standing rule against post-bankruptcy interest * * * appears implicit in our current Bankruptcy Act. To read into such a statute an exception to that rule would be unwarranted and, as an original proposition, we should decline to do so * * * *"

The plaintiff's reliance appears misplaced, as the question here at issue was not considered in the Saper case, which involved interest on an unliened tax claim of the City of New York which the City attempted to collect from the *bankruptcy estate*, not from the taxpayer. The instant case concerns the liability of the *taxpayer himself* for such interest when collected from the taxpayer's assets acquired *after bankruptcy*. The Saper principle that tax claims against a bankrupt bear interest only until the date of bankruptcy, not until payment, has been applied by three Circuit Courts including our own, (United States v. Bass, 9 Cir., 271 F.2d 129; United States v. Harrington, 4 Cir., 269 F.2d 719; In re Kerber Packing Co., 7 Cir., 276 F.2d 245) and is the settled law, but it is not dispositive of this case.

█ The Tenth Circuit case of United States v. Mighell, 273 F.2d 682, would seem to support the plaintiff's position, as it affirmed the right of the lower court to enjoin the collection of post-petition interest on lien claims from the debtor himself after his discharge. In citing United States v. Bass, supra, and United States v. Harrington, supra, the Mighell court stated, "This contention of the United States has been rejected and post-

bankruptcy interest on liened tax claims denied. As we agree with those decisions, no good purpose would be gained by going over the same ground that they have covered adequately." [273 F.2d 684]

This conclusion rests, I believe, on a wholly unwarranted dependence on Bass and Harrington. It disregards the only issue that was before the court in each of those cases, and thereby misconceives the holding in each. Both Bass and Harrington were concerned with the issue of the *obligation of the bankruptcy estate* for post-petition interest on tax claims sought to be *proved and allowed in the estate*. It is true that both courts denied "post-bankruptcy interest on liened tax claims", but it was interest sought to be allowed and *collected from the estate*, not from the taxpayer. These courts both followed the Supreme Court holding in the Saper and Dreyfus cases that inherent in our bankruptcy law is a fundamental principle, taken from the English system, *viz.* the cutting off of interest *against the estate* at the time of bankruptcy. It does not follow that this interest may not be collected from the taxpayer after his discharge in bankruptcy when the other creditors are unaffected.

It is clear from Bass and Harrington, as well as Saper and Dreyfus, that the phrases "everything stops at a certain date", "interest cut off as of bankruptcy", relate to the obligations of the *bankruptcy estate* and not to those of the taxpayer. For example, if the estate turns out to be solvent and there is a surplus after the payment of all creditors' claims, the surplus *is applied to creditors' claims for interest*, and not returned to the debtor. See also Beecher v. Leavenworth State Bank, 9 Cir., 192 F.2d 10, 14 to the same effect. That the purpose of the "cut off" rule is to preserve the estate is made manifest by the Beecher court in stating, "There is just as much danger of *eating up the bankrupt's estate* with in-

terest on claims arising after the date of bankruptcy as with interest on claims arising before the date of bankruptcy. Consequently, the allowance of interest on these supplemental claims must be modified in the same manner as the other secured claims." (Emphasis supplied.)

The Saper case (336 U.S. at page 338, 69 S.Ct. at page 559) cited American Iron & Steel Mfg. Co. v. Seaboard Air Line, 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949, as stating the correct rule. The latter case held (233 U.S. at pages 266, 267, 34 S.Ct. at page 504) that the rule stopping interest from accruing against the estate "did not prevent the running of interest" and cited with approval Johnson v. Norris, 5 Cir., 190 F. 459, at page 463, where the court stated: "It is true, as a general rule, that, where property of an insolvent passes into the hands of the court, subsequently accruing interest is not allowed against the fund, (citing case). This principle is applied *as between creditors claiming the fund*." (Emphasis supplied.)

The Internal Revenue Code of 1939 governs the liability for interest on taxes [1] and provides that in case of delinquency there *shall be added as part of the tax*, interest at the rate of six percentum per annum from the date the tax became due until paid. The Code provides that a lien arises with respect to any delinquent tax, that it includes interest and "shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time".[2]

The Bankruptcy Act expressly excepts taxes from discharge [3] and the clear language of the revenue statute *adds interest to the tax*. The result is that interest added to the tax is excepted from discharge. There is nothing in the Bankruptcy Act, the Internal Revenue Code or the "fundamental principle of the English bankruptcy system" which should compel or permit a contrary conclusion.

---

1. §§ 1623, 1627, 1420(b).

2. §§ 3670, 3671.

3. § 17 (11 U.S.C.A. § 35).