**CUSTOM WOOD PRODUCTS, INC.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**No. G-142-71-CA.**

United States District Court,
W. D. Michigan, S. D.,
Grand Rapids.
Nov. 15, 1971.

David O. Haughey, Smith, Haughey, Rice, Roegge & Gould, Grand Rapids, Mich., for plaintiff.

John P. Milanowski, U. S. Atty., Grand Rapids, Mich., for defendant.

OPINION

ENGEL, District Judge.

The legal issue in this case is whether tax penalties and interest thereon, not listed in the debtor's statement of debts, but incurred prior to filing a Chapter XI petition under the Bankruptcy Act, are discharged by judicial confirmation of the debtor's plan of arrangement.

Custom Wood Products, Inc., hereinafter designated "Custom Wood", filed a complaint June 16, 1971 seeking a determination of whether tax penalties incurred by plaintiff prior to filing a

Chapter XI petition under the provisions of the Bankruptcy Act, and interest thereon are discharged by judicial confirmation of the plan of arrangement. Plaintiff takes the position that the liabilities were discharged upon confirmation of the plan, and further, that the defendant is estopped from asserting them. The United States, on the other hand, argues that the liabilities in question survived the arrangement, and are due and owing.

As filed, the complaint requested issuance of a preliminary injunction and a permanent injunction restraining the defendant from collection of the assessed interest and penalties. At a hearing held June 28, 1971, pursuant to plaintiff's motion for injunctive relief, the defendant agreed to forebear collection of the sums involved pending determination by the court of the controversy.

On September 21, 1971, the United States filed a motion for summary judgment pursuant to F.R.Civ.P. 56. The motion alleges that there are no genuine issues as to any material fact and that the government is entitled to a judgment in the amount of $1,525.13 plus additional interest thereon at the legal rate as a matter of law.

This matter has been submitted to the court on a stipulation of fact and exhibits, together with the briefs of the parties. From the parties' stipulation, the court determines the following factual background to exist:

On May 9, 1969, plaintiff filed a petition in this court for an arrangement with its unsecured creditors pursuant to Chapter XI of the Bankruptcy Act. Thereafter, on May 23, 1969, Custom Wood filed its "Statement of all Creditors" which scheduled tax indebtedness to the United States in excess of $14,000. This statement did not include the penalties and interest currently asserted, no notice thereof having been given Custom Wood. About two months later, July 22, 1969, plaintiff filed its plan of arrangement.

Apparently sometime after filing the plan of arrangement, the parties entered into a stipulation pertaining to Custom Wood's tax liability. Among other things, the stipulation provided for the discharge of a $14,780.74 tax indebtedness by an initial deposit of $4,930.00 with the District Director followed by monthly installments of $830.00 due to commence 30 days after entry of the deposit order. The parties also agreed that interest would be computed at the statutory rate on the unpaid balance from the date of deposit.

On August 19, 1969, a meeting of creditors was held, and the plaintiff's proposed plan of arrangement as amended was submitted for approval to all unsecured creditors, including the defendant, and no objections to the plan were raised, and accordingly, the plan was confirmed by order of the Bankruptcy Court.

Subsequent to the confirmation of the plan, the defendant received payment in full of its claim for taxes pursuant to the parties' stipulation, and plan of arrangement.

On November 2, 1970 attorneys for the debtor received a letter from the Internal Revenue Service indicating that $1,519.13 was due for delinquent deposit of withholding taxes, and interest on the penalties.

## CONCLUSIONS OF LAW

The court has completely reviewed the entire file and, in particular, the parties' stipulation of facts. It is the opinion of the court that this case presents no genuine issues as to a material fact and, therefore, is ripe for summary judgment.

Chapter XI of the Bankruptcy Act sets up a procedure whereby a debtor can make provision for the satisfaction of his liabilities short of traditional bankruptcy proceedings. Provision is made for the discharge of unsecured

debts under 11 U.S.C. § 771, which provides:

> The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, but excluding such debts as, under section 35 of this title, are not dischargeable.

There has been no claim that the outstanding liabilities are secured and the parties' stipulation provides that the statement of debts filed with the court on May 23, 1969, did not include the penalties and interest thereon at issue here. In fact, it is agreed that plaintiff was not even given notice of the assessments until after the plan was filed and confirmed.

11 U.S.C. § 35 provides, in part, that a discharge shall release a bankrupt from all of his "provable debts" whether they are allowable in full or in part with the exception of the liabilities listed in that section. Upon a reading of section 35, it is apparent that pre-petition tax penalties and interest thereon have not been provided for in section 35 and accordingly have not been explicitly exempted from the general discharge provisions of section 771.[1]

The question thus becomes whether a pre-petition tax penalty is a "provable debt". A good discussion of this problem is found at 3 Collier, Bankruptcy 6312 (14th ed 1969) where the following observations are made:

> The Bankruptcy Act makes specific provision only for the *disallowance* of governmental claims for penalties and forfeitures.[1] It does not expressly say that a fine or penalty claim asserted by the United States or any state or subdivision thereof is not *provable*, and considering that such a penalty claim may be based on a "judgment" in the broad sense of the term, it might seem that a fine or penalty imposed by a judgment would be provable and allowable under § 63a(1), notwithstanding § 57j. The courts have rightly decided otherwise. Faced with the inconsistency of the statutory mandate to disallow a governmental claim for a penalty and yet to allow it if evidenced by a judgment or instrument in writing (which is often the case), the courts have solved the problem by approaching it from the angle of dischargeability. It is almost generally accepted that the liability for a fine or penalty is not dischargeable,[2] if for no other reason than the imperative necessity of enforcing criminal sanctions enacted for the public welfare.

Courts have agreed with the rationale advanced by Collier and have held that penalties are not provable debts and hence are not discharged by the provisions of 11 U.S.C. § 35. World Scope Publishers, Inc. v. United States, 348 F. 2d 640 (2d Cir. 1965); In re Abramson, 210 F. 878 (2d Cir. 1914); Sherwood v. United States, 228 F.Supp. 247 (E.D.N. Y.1964); In re Steckler, 195 F.Supp. 879 (S.D.Ind.1961).

Plaintiff nevertheless claims that the pre-petition penalties involved were discharged upon confirmation of the plan and that such sums are "provable debts" under United States v. Mighell, 273 F.2d 682 (10th Cir. 1959). It must be observed that *Mighell*, supra, has been undercut to some extent by Bruning v. United States, 376 U.S. 358, 84 S.Ct.

---

1. Tax penalties have been provided for in the act at 11 U.S.C. § 93(j):

> (j) Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty of forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.

Although the sub-section discusses penalties in terms of allowability, the statute does not definitively answer the dischargeability problem that has been presented to this court.

906, 11 L.Ed.2d 772 (1964) and Simonson v. Granquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962). However, plaintiff still cites the case for the holding that income tax penalties survive bankruptcy only to the extent they are covered by pre-bankruptcy liens. In *Mighell* the government took a position similar to that assumed here, that the pre-petition penalties involved were not provable debts and the Tenth Circuit disagreed. To the extent that *Mighell* can still be cited for the proposition advanced by plaintiff, this court is not bound by decisions of the Tenth Circuit and in this case declines to follow *Mighell*.

■■ It is the opinion of this court that the penalties at issue here are not provable debts within provisions of the Bankruptcy Act and thus not dischargeable by the provisions of section 35. Further, the court notes the party's stipulation to the effect that the penalty sums were not included in the arrangement or order of confirmation. This fact also places these debts outside of the scope of the section 771 discharge provisions.

Having determined that the pre-petition tax penalties are not discharged by the Chapter XI proceedings, this court must face the government's contention that plaintiff is, therefore liable for interest at the legal rate on the penalties from the date the petition was filed until the debt is satisfied.[2]

The case of Bruning v. United States, supra, directly faced the question of post-petition interest on sums determined not to have been discharged by bankruptcy proceedings. That case involved tax assessments due from an individual debtor which the parties agreed were not discharged. The court held that post-petition interest on a debt not discharged by section 35 remains, after bankruptcy, a personal liability of the debtor.

■ In the case currently before this court, the issue of dischargeability is disputed and a corporate debtor is involved. Although the facts in *Bruning* are somewhat different from those presented here, the Supreme Court spoke very clearly regarding post-petition interest and this court determines that interest accruing between the date the petition was filed and payment of the tax penalties is collectable from Custom Wood at the legal rate.

■ The plaintiff has also argued that the government is estopped from collecting the monies now at issue due to its failure to assert them prior to the unsecured creditors vote on the debtor's plan. No authority has been cited for this proposition. From a reading of plaintiff's brief the court conceives plaintiff's argument to be basically one of surprise. It states that to allow the government claim at this time would "thrust upon the debtor an unexpected and unanticipated obligation for tax penalties not demonstrated by the plan of arrangement . . . . unfair to the former unsecured creditors (now preferred stockholders) of Custom Wood". However, any equitable argument this may advance is offset by the inference that plaintiffs were aware of the existence of these penalties prior to voting. Custom Wood has also argued that its creditors, now preferred stockholders, have been injured by the government's procedure in this case. It has never been contended, however, that the creditors did not have access to Custom Wood's tax payment schedule or the income tax statutes. Even if the plaintiff and its creditors did not receive notice from the government prior to the vote, they certainly had the tools at their disposal with which to make the determination now claimed to be unfair. Thus, any purposeful action on the defendant's part is offset by an inference that the creditors ought to have recognized the legal likelihood of a penalty assessment even though no official notice was given.

2. The parties have not presented issues with respect to repetition interest on the penalties involved, and accordingly this court makes no ruling thereon.

The record also contains an undated stipulation executed by the parties concerning the repayment of certain tax deficiencies then outstanding. Although the copy of the stipulation provided was difficult to read, the court could not find any agreement between the parties regarding future penalty assessments. The agreement appears to have covered only the tax deficiencies then outstanding and to have made provision for interest on these sums. The parties did make provision for the possibility of further tax assessments at paragraph ten and agreed such amounts would be paid by continuing the deferred payments so long as may be necessary. On the basis of that paragraph any applicability the stipulation may have to these proceedings would appear to be in favor of the defendant.

Therefore, this court holds that the tax penalties at issue were not discharged by the Chapter XI proceedings, but remain due and owing. Further, the United States may collect interest on the sums due at the rate provided by law from the date the petition was filed until the date the penalties are paid. Defendant's motion for summary judgment is hereby granted.

It is so ordered.