Jack E. RUHTER, Trustee in Bankruptcy, Appellant,

v.

INTERNAL REVENUE SERVICE, United States of America, and Norene R. O'Dell, Appellees.

No. 7769.

United States Court of Appeals Tenth Circuit.

Dec. 15, 1964.

See also 339 F.2d 577.

James P. Horiskey, Cheyenne, Wyo., for appellant.

Karl Schmeidler, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Robert N. Chaffin, U. S. Atty., and Leroy V. Amen, Asst. U. S. Atty., on the brief), for appellee, United States.

Tosh Suyematsu, Cheyenne, Wyo., for appellee, Norene R. O'Dell.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This bankruptcy case is here for the second time. The facts are detailed in our prior opinion [1] and will not be repeated except insofar as necessary for a clear understanding of the issues presented.

1. O'Dell v. United States, 10 Cir., 326 F.2d 451.

The bankrupt, Jack O'Dell, was adjudicated on April 4, 1962. His wife, Norene R. O'Dell, was not a party to the bankruptcy proceeding and was not adjudicated. She had, however, joined with the bankrupt in filing joint federal income tax returns for the years 1950 to 1961. They owned certain property as tenants by the entirety upon which there were mortgages and upon which, prior to bankruptcy, the Government filed tax liens for back taxes, penalties and interest. The encumbered parcels of property were sold on foreclosure and a surplus amount over and above the balances due on the mortgages was realized at the sales. The Government seized and sold the unencumbered parcels of property. The surplus from the foreclosure sales was ordered deposited into the registry of the court as was the amount of money realized from the seizure and sale of the unencumbered property. Upon motion of the Government, the lower court entered an order directing that the entire amount of the fund in the total sum of $33,001.96 be paid to the appellee, Internal Revenue Service, for application on the O'Dells' tax liabilities. This order resulted in the prior appeal in which we held that the court had jurisdiction to order the funds to be paid to the I.R.S., that the court had no jurisdiction to direct the I.R.S. to apply the funds in any particular manner, and that the motion of Norene O'Dell to require the Trustee to forthwith pay the allowable tax claims from the assets of the bankrupt estate was not properly before us at that time. See O'Dell v. United States, supra.

The controversy over the application of the funds paid to the I.R.S. is back with us in this case under slightly different circumstances. The original proof of claim filed by the I.R.S. for the tax liabilities of the O'Dells was ultimately amended and reduced so as to reflect an agreed upon amount. It is undisputed that the amount so agreed upon is only for basic tax and pre-bankruptcy interest and therefore the claim could properly be allowed in the bankruptcy case as a legitimate claim. However, it is also clear that the O'Dells owe an additional and substantial sum for penalties and interest that could not form the basis for a claim allowable in the bankruptcy.

Upon the funds being paid to it, the I.R.S. applied a portion of them on the non-allowable penalties and interest and the remainder on the allowable claim for basic tax and interest. It then filed a second amended proof of claim wherein the amount of the claim was reduced by the amount of the funds applied upon the basic tax and interest. The Trustee objected to the claim on the ground that the entire amount of the funds ordered paid to the I.R.S. should be applied on the basic tax and interest and no portion of them should be applied to the non-allowable penalties and interest. The Referee sustained the objections to the claim and upon petition for review, the District Court reversed that order. The Trustee appeals.

The question presented is whether the jurisdiction of the bankruptcy court to allow and disallow claims,[2] to determine the amount and validity of tax assessments and claims,[3] and to " * * * sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate * * * ",[4] carries with it the power to, in effect, order the I.R.S. to apply the funds in question in a particular way. We think not. It must be remembered that those funds never became a part of the bankrupt estate and were not bankruptcy assets. The Trustee never had them in his possession. The funds

2. 11 U.S.C.A. § 11.

3. 11 U.S.C.A. § 104, sub. a (4).

4. Pepper v. Litton, 308 U.S. 295, 308, 60 S.Ct. 238, 246, 84 L.Ed. 281. And, see Rader v. Boyd, 10 Cir., 252 F.2d 585, 586.

were realized from the sale of property that was wholly outside of the bankrupt estate. As we said in the prior appeal, the courts of bankruptcy are " * * * courts of limited jurisdiction and their power to act must be found expressly or impliedly in the provisions of the Bankruptcy Act, * * * " (326 F.2d at 455). We find no express or implied grant of power in the Act which would authorize the bankruptcy court to directly order the I.R.S. to apply the funds in question in a certain manner. Indeed, this was the holding in our prior opinion. It follows that the bankruptcy court has no power to do indirectly that which it cannot do directly. In short, the bankruptcy court has no jurisdiction to order the I.R.S. to apply the funds in a certain way under the guise of allowing or disallowing its claim in whole or in part.

We recognize, of course, that section 57, sub. j of the Act, 11 U.S.C.A. § 93, sub. j prohibits the allowance of a tax claim against the assets of the bankrupt estate which is based upon penalties [5] and, as a general rule, interest accruing after bankruptcy is not allowable.[6] By the same token, tax claims and interest until the date of bankruptcy are allowable claims in the bankruptcy proceedings.[7] It is clear, therefore, that the second amended claim filed by the I.R.S., based as it is upon taxes and interest to the date of bankruptcy, is an allowable claim against the bankruptcy assets. It is equally clear that the funds turned over to the I.R.S. were not assets of the bankrupt estate and, thus, they could be used to pay penalties and post-bankruptcy interest without violating the rules of Simonson v. Granquist, supra, or City of New York v. Saper, supra.

Affirmed.

---

5. Simonson v. Granquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557.

6. City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710.

7. City of New York v. Super, supra.