Norene R. O'DELL, Appellant,

v.

Jack RUHTER, Trustee in Bankruptcy, and Internal Revenue Service, United States of America, Appellees.

No. 7759.

United States Court of Appeals
Tenth Circuit.

Dec. 15, 1964.

---

Tosh Suyematsu, Cheyenne, Wyo., for appellant.

James P. Horiskey, Cheyenne, Wyo., for appellee, Jack Ruhter.

Karl Schmeidler, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, and Robert N. Chaffin, U. S. Atty., and Leroy V. Amen, Asst. U. S. Atty., on the brief), for appellee, United States.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This is a companion case to Ruhter v. Internal Revenue Service, 10 Cir., 339 F.2d 575.

The background facts are set forth in the companion case and in O'Dell v. United States, 10 Cir., 326 F.2d 451. In addition, the record discloses that the appellant, Norene R. O'Dell, filed a motion requesting the bankruptcy court to enter an order requiring the Trustee to forthwith pay the amount of the I.R.S.'s tax claim or, in the alternative, charging the bankrupt estate with the interest accruing daily on that tax claim since the date of bankruptcy. The Referee denied the motion stating that the tax claim was in litigation and the amount thereof had not been determined and that post-bankruptcy interest could not be charged to the estate under the provisions of the Bankruptcy Act. Appellant filed a petition for review and the District Court affirmed the denial of the relief sought. This appeal resulted.

■ The parties agree that the decisive question presented by this appeal is whether the Referee abused his discretion by refusing to direct the Trustee to forthwith pay the I.R.S. claim. We are unable to conclude that the record discloses such an abuse of discretion. However, it appears from an unofficial report of the Referee that all secured claims have been paid and that there remains in the bankrupt estate a sufficient amount of money to pay the priority claims in the order of their priority. Certainly, a claim, or at least the undisputed portion thereof, should be paid as soon as possible. This is especially true where, as here, interest is accruing in substantial amounts each day upon the balance of the claim. We are sure that there has been no deliberate delay in the payment of the tax claim in question and that it will be paid as soon as good judicial administration permits it to be paid.

■ Appellant argues that the failure to pay the claim and thus stop the accrual of interest amounts to a denial of due process. We do not agree. It must be remembered that the interest is accruing upon a debt which is the personal liability of appellant. While we are impressed with appellant's argument as to the equities in her favor, we do not think they are in the nature of a constitutional right.

Affirmed.