**WORLD SCOPE PUBLISHERS, INC.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 409, Docket 29461.**

United States Court of Appeals
Second Circuit.

Argued May 19, 1965.

Decided July 22, 1965.

Michael J. Crames, New York City
(Levin & Weintraub, New York City, on
the brief), for appellant.

Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson
and I. Henry Kutz, Attys., Dept. of
Justice, on the brief; Joseph P. Hoey,
U. S. Atty., Eastern Dist. of New York,
and Quenton H. Vaughan, Asst. U. S.
Atty., of counsel), for appellee.

Before WATERMAN, MARSHALL
and ANDERSON, Circuit Judges.

MARSHALL, Circuit Judge:

This is an appeal from an order of the District Court for the Eastern District of New York denying debtor-taxpayer's motion seeking, inter alia, to recover money paid to the District Director of Internal Revenue that was applied toward the payment of tax penalties owed by the debtor-taxpayer prior to filing a petition under Chapter XI of the Bankruptcy Act. We affirm.

During the pendency of the Chapter XI proceedings the District Director filed a claim against the debtor-taxpayer for $75,521.15, which included taxes, interest and penalties then owing. Two stipulations were then entered. The first, dated January 7, 1963, reduced the claim filed by the District Director "by the amount of $5,888.47, which amount constitutes penalties, to the sum of $69,632.68." The second, dated some ten days later, set up a schedule for paying the balance, giving the District Director "the right to declare the remaining installments due and payable" in the event of a default in any of the installments. On February 1, 1963 the arrangement was confirmed by an order of the District Court and the order stated that "the stipulations providing for installment payments heretofore entered into between the debtor [and] * * * the Director of Internal Revenue * * * are made a part of this order, as if fully set forth therein."

By June 1963 the debtor-taxpayer defaulted in its payments to the District Director required by the second stipulation and the remaining installments due were accelerated. The balance was demanded and a lien was filed against the property of the debtor-taxpayer. In Au-

gust of that year, $42,530.30 was paid to the District Director by a third party (Amsterdam Overseas Corporation) on its behalf. In this appeal, a refund of $5,888.47 is sought from the District Director. This amount was applied against the indebtedness owing for the pre-petition penalties. Debtor-taxpayer does not maintain that the stipulation of January 7, 1963 cancelled the indebtedness for the tax penalties then due. Instead, its theory is that the indebtedness was discharged by operation of the Bankruptcy Act, if not by any specific provision at least by the spirit and purposes of the Act.

While section 367(1) of the Act, 11 U.S.C. § 767(1), makes an arrangement, upon confirmation binding upon all creditors, section 371, 11 U.S.C. § 771 [1] specifically provides that a debt is not discharged by confirmation unless it is "provided for by the arrangement." The debt for the pre-petition penalties was not "provided for by the arrangement," as that phrase is used in the Bankruptcy Act, see generally 9 Collier, Bankruptcy § 9.32(4) (14th ed. 1964), and thus it was not discharged by the confirmation of the arrangement. Section 57(j), 11 U.S.C. § 93(j), [2] is also of no avail to the debtor-taxpayer, even if it is assumed (see California State Bd. of Equalization v. Goggin, 183 F.2d 489, 493 (9 Cir.), cert. denied, 340 U.S. 891, 71 S.Ct. 207, 95 L.Ed. 646 (1950)) that it is applicable in Chapter XI proceedings. It provides that penalties of this type "shall not be allowed," not that they shall be (automatically) discharged whenever the debtor-taxpayer is adjudicated a bankrupt.

1. "The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, but excluding such debts as, under section 17 of this Act, are not dischargeable."

2. "Debts owing to the United States or to any State or any subdivision thereof as a

penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

■ Debtor-taxpayer insists that even if the letter of the Bankruptcy Act does not provide for the discharge, the general rehabilitative purpose of Chapter XI proceedings would be frustrated if the liability for this debt were preserved after confirmation. In support of this argument, we are referred to the Supreme Court's declaration in Simonson v. Granquist, 369 U.S. 38, 41, 82 S.Ct. 537, 539, 7 L.Ed.2d 557 (1962), that the "enforcement of penalties against the estates of bankrupts * * * would serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors." However, we find this general policy argument most inapplicable since the District Director has not sought to enforce this debt against a fixed bankruptcy estate that must be divided up among creditors; this debt has been treated as a personal liability of the rehabilitated debtor-taxpayer. A similar distinction was found intelligible by the Supreme Court in Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), where the traditional rule disallowing post-petition interest (on a tax debt) as against the bankruptcy estate was held not to discharge the debtor from personal liability for such interest. Moreover, this general policy argument is unpersuasive because it does not accord sufficient weight to the legitimate interests to be served by collecting tax penalties. The deterrent function served by penalties might be impaired by allowing a rehabilitated debtor to avoid payment of the penalties that had accrued before it filed a Chapter XI petition and there is no reason to believe that this deterrent function is less worthy than the rehabilitative function served by Chapter XI proceedings. It was post-petition rather than pre-petition penalties which were held to be "nonexistent" in National Foundry Co. v. Director of Internal Revenue, 229 F.2d 149, 150 (2 Cir. 1956).

In disposing of debtor-taxpayer's claim on the merits we should not be understood as approving of the form into which these proceedings have been cast.

In September 1963, shortly after Amsterdam Overseas Corporation had paid $42,-530.30 to the District Director on behalf of the debtor-taxpayer, a claim for refund was filed by the debtor-taxpayer. This claim was not honored. Rather than commencing a plenary suit in a federal district court for a refund under section 7422 of the 1954 Internal Revenue Code, on November 26, 1963 the debtor-taxpayer filed an application for an order to show cause in the bankruptcy court which confirmed the arrangement (the District Court for the Eastern District of New York). The application sought, among other things, a refund for the amount applied against the pre-petition penalties. The application was referred to a referee in bankruptcy and the debtor-taxpayer renewed its request for the refund by way of a motion addressed to the Referee. The Referee denied the motion and the debtor-taxpayer sought review of that order by filing a petition to review under section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c). On June 29, 1964, Judge Abruzzo denied the debtor-taxpayer relief on the ground that "this Court is without power to decide this motion in a summary proceeding." However, three months later (on September 28, 1964) he went on to consider the merits and affirmed the Referee's denial of the refund.

■ The debtor-taxpayer should have commenced a plenary suit for refund under section 7422 of the 1954 Code rather than these proceedings in the bankruptcy court. The power of the district court to conduct summary proceedings in bankruptcy is strictly limited by statute, 11 U.S.C. § 11, and it is impossible to fit this motion for a refund into one of the jurisdictional pigeonholes. See Ruhter v. Internal Revenue Service, 339 F.2d 575 (10 Cir. 1964). These proceedings were commenced after the confirmation of both the arrangement and the modification of the arrangement; the property in controversy was never in the actual or constructive possession of the debtor-taxpayer; and the debtor-taxpayer did not stake its

claim for a refund on a provision of the arrangement. The fact that the debtor-taxpayer has been rehabilitated under the Bankruptcy Act and that it seeks the refund on the theory that the debt had been discharged by operation of the Bankruptcy Act is not sufficient to vest the bankruptcy court with the power to order the District Director to make a refund and to conduct summary proceedings for this purpose. We decline to vacate the order below, however, because in the special circumstances of this case, the relief sought by the debtor-taxpayer having been denied, the distinction between a plenary suit in a federal district court and summary proceedings in the bankruptcy court is one of form rather than substance, not attendant here with practical significance.

Affirmed.