**UNITED STATES of America,
Plaintiff,**

v.

**ROBERTS MOTOR EXPRESS, INC.,
Defendant.**

**No. 68–CV–12.**

United States District Court,
N. D. New York.

March 21, 1973.

James M. Sullivan, Jr., U. S. Atty., Syracuse, N. Y., for plaintiff; Andrew F. Oehmann, Jr., Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Brian F. Mumford, Asst. U. S. Atty., Albany, N. Y., of counsel.

Di Fabio & Couch, Albany, N. Y., for defendant; Richard V. D'Alessandro, Albany, N.Y., of counsel.

## MEMORANDUM-DECISION and ORDER

JAMES T. FOLEY, Chief Judge.

In this action by its amended complaint filed November 21, 1969, the government plaintiff seeks to recover substantial tax penalties and interest from defendant Roberts Motor Express, Inc. (Roberts) that relate to its federal tax obligations. Roberts had petitioned for and completed a 1968 Arrangement under Chapter XI of the Bankruptcy Act. Under the Arrangement, the principal sum of federal taxes were paid. The issue presented for decision herein is the government claim of alleged personal liability of Roberts after this completed Arrangement and payment of federal principal for unpaid penalties and interests on these taxes. The plaintiff moves for summary judgment as a matter of law; and defendant Roberts moves to dismiss the complaint and describes its brief as one in opposition to plaintiff's motion for summary judgment and in support of its cross motion to dismiss.

██ Simply put the contention of Roberts is that the Arrangement and payment of the principal sum of federal taxes discharged all tax liabilities including principal, interest and penalties. To the contrary, the government contends that the liabilities for penalties and interest cannot be discharged by any bankruptcy proceeding, and such survive as a personal obligation for which the debtor in the completed and approved Arrangement remains responsible. Under settled law and provisions

of the Bankruptcy Act, it is my judgment that the government contention must be upheld.

The facts involved can be briefly stated. On March 27, 1958, Roberts filed a petition in bankruptcy in the Northern District of New York seeking relief under Chapter XI of the Bankruptcy Act. On May 28, 1959, the District Director of Internal Revenue, Albany, New York, filed a proof of claim against the estate in the amount of $67,365.41. Of this figure, $8,044.22 represented penalties which had arisen before the petition had been filed. The Referee in Bankruptcy ruled that penalties were not "allowable" against the debtor's estate, and the Government then reduced its claim against the estate by the amount of $8,044.22.

On September 27, 1963, an order of the Referee was entered confirming a plan for arrangement. By that time, as a result of payments and applications, federal tax claims—not including the penalties or accrued interest—had been reduced to $10,000.00. The order provided that payment of $10,000.00 would constitute "final payment of all Federal Tax obligations of Roberts Motor Express, Inc. which were heretofore allowed and determined by this Court". The $10,000.00 was subsequently paid, and on August 2, 1966, a final order was entered closing the proceedings.

In the amended complaint, the plaintiff seeks a judgment against Roberts for (1) the penalties that were not allowed by the Referee against the estate and interest on those penalties, (2) other penalties never asserted before the Referee, (3) interest on those penalties, all in the amount of $14,849.56 plus continuing interest. The Government also seeks a further amount representing not penalties, but the unpaid *interest* on Roberts' original principal tax debt going back to the date that Roberts filed its petition for an arrangement—March 27, 1958. The amount sought for such post-petition interest is $14,650.77.

The issue is whether these penalties and interest are now collectible from Roberts despite the completion of the bankruptcy arrangement. Resolving this issue requires a construction of the provisions of the Bankruptcy Act, for it is only pursuant to that Act that debts are discharged, and the extent of any discharge can only go as far as the Act itself permits.

It is apparent from the specific wording of the Bankruptcy Act that the federal government in asserting tax claims against a debtor stands in a different— and favored—position from almost all other creditors. The Act expressly provides, in Section 371, 11 U.S.C. § 771, that in a Chapter XI proceeding, as here:

"The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, but excluding such debts as, under Section 17 of this Act, are not dischargeable."

Section 17, 11 U.S.C. § 35, provides that "taxes which became legally due and owing by the bankrupt to the United States" are *not* released by a discharge in bankruptcy. Thus federal "taxes" are not discharged by an arrangement such as Roberts underwent here, and may be collected personally from the debtor after the arrangement. The *principal* amount of such federal taxes has been paid by Roberts, but not the penalties and interest.

While Section 17 of the Act does not expressly state that "taxes" includes "penalties" and "interest", the Courts have construed the Act to have that meaning, at least as far as interest is concerned. In Bruning v. United States, 376 U.S. 358 at 360, 84 S.Ct. 906, 11 L. Ed.2d 772, it is expressly and clearly held that post-petition interest of a tax claim excepted from discharge by Section 17 of the Act should be recoverable in a later action against the debtor personally. That such ruling may be anomalous to the purposes of the Bankruptcy

Act and uncompassionate for debtors is recognized in Bruning, p. 361. The Court of Appeals, Second Circuit, In re Johnson Electrical Corporation, 2 Cir., 442 F.2d 281, followed Bruning, and disagreed with United States v. Mighell, 10 Cir., 273 F.2d 682, relied upon here by Roberts, which held interest could not be collected personally from a discharged bankrupt. Referring to it, the Court of Appeals, Third Circuit, is in accord with the Second Circuit's Johnson reasoning and ruling. (Hugh H. Eby Co. v. United States, 3 Cir., 456 F.2d 923).

■ Roberts also relies upon Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966) and New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949) for the proposition that "tax claims bear interest only to the date of bankruptcy." This is correct as to tax claims *payable out of the estate*, but not as to claims that survive the bankruptcy and are collectible later from the former bankrupt *personally*.

The distinction is vital. The government is not permitted to deplete the assets of a bankrupt *estate*, and thus harm the other creditors by having its claim for interest keep running while the bankruptcy proceedings are under way. In holding that the United States cannot collect post-petition interest from the estate of a bankrupt, the Supreme Court based its reason on "the broad equitable principle that creditors should not be disadvantaged *vis-a-vis* one another by legal delays attributable solely to the time-consuming procedures inherent in the administration of the bankruptcy laws." [Nicholas v. United States, 384 U.S. 678, 683, 86 S.Ct. 1674, 1679, 16 L. Ed.2d 853 (1966). Accord: New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L. Ed. 710 (1949)].

This question of allowance of post-petition interest against the bankrupt estate is an entirely separate one from the collection of post-petition interest from the bankrupt himself, personally, after the creditors have been paid their shares from the estate. The bankrupt has then been discharged as to other creditors but not from his tax debts to the United States. Such debts remain due and are not discharged because of the "congressional judgment that certain problems —e. g., those of financing government —override the value of giving a debtor a wholly fresh start". (Bruning v. United States, supra, at p. 361). Accordingly, in my judgment, the plaintiff is entitled to collect from defendant personally the post-petition interest on its tax obligations from the date of filing of the petition, March 27, 1958.

■ The government's further claim for collection of tax penalties from Roberts personally raises basically similar issues and requires the same result as its claim for interest. Tax penalties, as with tax interest, are not collectible by the government from the estate of the bankrupt, Simonson v. Grandquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962), but they are collectible from the bankrupt personally, World Scope Publishers, Inc. v. United States, 2 Cir., 348 F.2d 640. The final result is the same with penalties as with interest, but somewhat different considerations are involved. Penalties are not collectible against the *estate* of a bankrupt. [Simonson v. Grandquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962)]. However, this policy was found to be "most inapplicable" to the wholly different issue of collecting penalties not from the estate but from the debtor personally, after bankruptcy, in World Scope Publishers, Inc. v. United States, 2 Cir., 348 F.2d 640, 641–642 (1965).

The technical reason that penalties are not discharged by a bankruptcy arrangement may also be based, as the government here urges, on the proposition that Section 17 of the Act, in providing that "taxes" are not dischargeable, means to include penalties. A provision of the Internal Revenue Code provides:

"Any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties

provided by this chapter." Internal Revenue Code, Sec. 6659(a)(2).

The Bankruptcy Act expressly provides that tax penalties are not "allowable", i. e., provable, (Sec. 57(j), 11 U.S.C. § 93), and only "provable" debts can be discharged, (Sec. 17, 11 U.S.C. § 35); tax penalties are not dischargeable in bankruptcy and survive as personal liabilities of the debtor. [World Scope Publishers, Inc. v. United States, 348 F. 2d at 641; Custom Wood Products, Inc. v. United States, 338 F.Supp. 337 (W. D.Mich.1971)].

Thus, Roberts' liabilities to the United States for penalties and interest were not and could not have been discharged by the Chapter XI arrangement. It is with this in mind that the following provisions of the Bankruptcy Referee's order of September 27, 1963 must be read:

". . . it is

"ORDERED, ADJUDGED AND DECREED:

"(1) That the sum of $10,000.00 is hereby determined to be the sum due the United States for taxes."

"(2) The payment of said sum of $10,000.00 by the debtor constitutes final payment of all Federal Tax obligations of Roberts Motor Express, Inc., which were heretofore allowed and determined by this Court."

■ To uphold the controlling statutes and decisions cited above that penalties and interest are not dischargeable, the Referee's order referring to Roberts' "Federal Tax obligations" must be construed as referring only to those tax obligations that were within the Referee's jurisdiction to deal with—i. e., the principal on the taxes, which would be satisfied out of the estate—not the penalties and interest which could not be paid from the estate.

The Referee did have jurisdiction, and he used it, to hold that the penalties against Roberts could not be made a claim against the *estate*. But his order cannot be interpreted as going beyond his powers and in effect discharging Roberts from its legally nondischargeable liability for penalties and interest.

The Referee was ruling only on that which was properly and jurisdictionally before him and within his reach. He was in the course of ordering distribution from the estate to various creditors, as other parts of his order make clear, and he ordered that $10,000.00 be paid from the estate for Federal Tax obligations—which was the amount remaining due on the principal of the tax. That is the amount, in the Referee's words of "all Federal Tax obligations . . . which were heretofore allowed and determined by this Court." Penalties and interest, as noted at length earlier, could not be allowed by the Bankruptcy Court from the estate, and thus were not covered by this order of that Bankruptcy Court. The penalties and interest thus survive the Order of the Referee and the entire Chapter XI arrangement and remain as valid, personal debts against Roberts which the United States is entitled to collect in this action.

■ Roberts' liability for penalties and interest is an issue of law and is hereby decided in favor of the government. Defendant Roberts' Answer, consisting merely of a general denial, is not sufficient to defeat summary judgment. [Fed.Rules Civ.Proc. 56(e)]. The motion of the plaintiff for summary judgment for the relief prayed for in its amended complaint is granted, and the motion of the defendant for dismissal is denied. There will be necessity for computation of the current amounts of penalties and interest owing by Roberts. An appropriate judgment if consented to shall be submitted by the plaintiff, otherwise settled on three days notice.

It is so ordered.