**In re JAYLAW DRUG, INC., Debtor.**

**JAYLAW DRUG, INC., Plaintiff,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE and Empire National Bank, Defendants.**

**Bankruptcy No. 79 Civ. 3579.**

United States District Court, S. D. New York.

Oct. 31, 1979.

Harvey S. Barr, Spring Valley, N. Y., for plaintiff.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendant IRS; Stuart M. Bernstein, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Bankruptcy appeal involving post Chapter XI petition filing liability for interest and penalties.

The issue raised on this bankruptcy appeal is whether the Internal Revenue Service can levy and collect post Chapter XI petition penalties and interest on pre-Chapter XI tax liability from a confirmed debtor after the IRS has received payment on its proof of claim for the underlying taxes. We are constrained to, and do, answer the issue in the affirmative.

Initially, we must distinguish between the bankrupt estate and the debtor after it has been rehabilitated by the Chapter XI plan. Under section 17 of the Bankruptcy Act, "taxes which became legally due and owing . . . to the United States" are not released by a discharge in bankruptcy. These taxes can be collected from the rehabilitated debtor. This is not contested here. Appellant-Debtor Jaylaw Drug, Inc. argues that the penalties and interest accrued on the taxes owed by Jaylaw are dischargeable where the IRS has received payment on its proof of claim and cannot then be collected from the rehabilitated debtor. Appellant's position is not supported by the applicable case law. *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1963); *World Scope Publishers, Inc. v. United States*, 348 F.2d 640 (2d Cir. 1965); *In re Johnson Electrical Corp.*, 442 F.2d 281 (2d Cir. 1971); *United States v. Roberts Motor Express, Inc.*, 375 F.Supp. 1165 (N.D. N.Y.1975).

Appellant argues that the IRS is estopped from asserting its claim for penalties and interest because it did not indicate that it would be demanding these sums in its proof of claim. There is serious doubt, in the Second Circuit, as to whether the Government, or its agencies, can ever be estopped from asserting claims for amounts which lawfully belong to it. *Goldberg v. Weinberger*, 546 F.2d 477 (2d Cir. 1976), *cert. denied*, 431 U.S. 977, 97 S.Ct. 2648, 53 L.Ed.2d 255 (1977); *New York Athletic Supply Co. v. United States*, 450 F.Supp. 469 (S.D.N.Y.1978). Even conceding this dubious point to appellant, however, under the criteria for proving estoppel against the Government (with which we are in accord), laid down by District Judge Owen in his pre-*Goldberg* decision in *Tonkonogy v. United States*, 417 F.Supp. 78 (S.D.N.Y. 1976), it is clear, for the reasons stated in appellee's brief herein, that appellant has failed to show: a duty by the Government to disclose to appellant that it was delinquent in the payment of the penalties and interest ·at issue herein, that appellant lacked knowledge of the Government's outstanding assessment for pre-petition penalties prior to the confirmation proceedings, that appellant actually relied on a representation by the Government, that such reliance was detrimental to appellant and its creditors, and that payment of the money in issue herein, approximately $900 now in the custody of Empire National Bank, was unconscionable.

Accordingly, the order of Bankruptcy Judge Howard Schwartzberg, entered on June 6, 1979 is affirmed and the appeal is dismissed.

SO ORDERED.