**In re Ronald J. PARR, Bankrupt.**

**Bankruptcy No. 79–B–1643.**

United States Bankruptcy Court,
E. D. New York,
at Westbury.

June 16, 1980.

See also, 1 B.R. 453, 3 B.R. 692.

Jules V. Speciner, Great Neck, N. Y., for Ronald J. Parr.

Weil, Gotshal & Manges, New York City, for Flushing Sav. Bank by Michael L. Cook, New York City.

ROBERT JOHN HALL, Bankruptcy Judge.

## I.

Flushing Savings Bank (the "Bank") has moved this Court for an Order under 18 U.S.C. section 3057 and 14(d) of the Bankruptcy Act directing an investigation of Ronald Parr by the United States Attorney and Suffolk County District Attorney. For the reasons set forth below, the Bank's motion is denied.

## II.

## BANKRUPTCY COURT'S POWER TO DIRECT AN INVESTIGATION BY THE UNITED STATES ATTORNEY

██ Neither 18 U.S.C. section 3057(a) nor Bankruptcy Act section 14(d) empowers the Bankruptcy Court to issue an order directing an investigation by the United States Attorney. 18 U.S.C. section 3057(a) merely empowers the Bankruptcy Court to report the facts and circumstances surrounding a suspected violation of the bankruptcy laws or other laws of the United States relating to insolvent debtors (hereinafter collectively referred to as "Bankruptcy Laws").[1] Thus, while this Court has the power to *report* violations of the bankruptcy law to the United States Attorney, it does not have the power to *direct* a criminal investigation.

## III.

## BANKRUPTCY COURT'S POWER TO ORDER INVESTIGATION BY THE SUFFOLK COUNTY DISTRICT ATTORNEY

██ The Bank seeks, *inter alia*, an Order of this Court directing the Suffolk County District Attorney to investigate certain alleged violations of the New York State Penal Law purportedly committed by Ronald Parr ("Suffolk County investigation"). Neither the Bankruptcy Act nor Title 18 of the United States Code empowers the Bankruptcy Court to order an investigation

---

1. 18 U.S.C. § 3057(a) provides that:

   Any referee, receiver, or trustee having reasonable grounds for believing that any violations of the bankruptcy laws or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans have been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

by an attorney for a state or a municipality of alleged violations of state law.

The Bank contends that Bankruptcy Act section 2(a)(15) empowers the Bankruptcy Court to order the Suffolk County investigation. Bankruptcy Act section 2(a)(15) provides, *inter alia*, that the Bankruptcy Court has the power to: "make such orders, issue such process, and enter such judgment, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this Act . . . ."

■ It is axiomatic that Bankruptcy Courts are Courts of limited jurisdiction. See e. g. *In re J. M. Wells, Inc.*, 575 F.2d 329, 331 (1st Cir. 1978). "The powers of the bankruptcy court cannot exceed those expressly conferred by Congress and those deemed necessary to effect jurisdiction." *In re Ross Sand and Gravel, Inc.*, 289 F.2d 311 (6th Cir. 1961). The Bankruptcy Court's power "to act must be found expressly or impliedly in the Bankruptcy Act." *First State Bank v. Sand Springs State Bank*, 528 F.2d 350, 353 (10th Cir. 1976); *Ruhter v. Internal Revenue Service*, 339 F.2d 575 (10th Cir. 1964); *O'Dell v. United States* , 326 F.2d 451 (10th Cir. 1964).

■ The Bankruptcy Act does not contain an express provision empowering a Bankruptcy Court to order an investigation by a state official of alleged violations of *state* criminal law. This Court neither has been shown nor has found a provision of the Bankruptcy Act from which the power to order the Suffolk County investigation may be implied. Thus, the Bankruptcy Court lacks jurisdiction to order the Suffolk County investigation.[2]

## IV.

## REPORTING ALLEGED VIOLATIONS OF THE BANKRUPTCY LAW TO THE UNITED STATES ATTORNEY

■ When a Bankruptcy Court has "reasonable grounds" for believing that violations of the Bankruptcy Code have been committed, it is under a duty to report to the United States Attorney all the facts and circumstances regarding the alleged violations. 18 U.S.C. section 3057(a); *In re Botany Industries, Inc.*, 463 F.Supp. 793, 799 (E.D.Pa.1978) aff'd 609 F.2d 500 (3rd Cir. 1979).

■ In the instant case, the Court cannot report "all the facts and circumstances of the case, the names of the witnesses and the offense or offenses" to the United States Attorney, as required by 18 U.S.C. section 3057(a), because at this time, the Court does not possess this information. The "reasonable grounds" for believing that a violation of the Bankruptcy Laws has been committed must be based on facts, not suppositions.

■ The Bank has alleged that Ronald Parr may have violated various provisions of the Bankruptcy Laws. However, as will be discussed below, the Bank has not provided the Court with sufficient facts indicating such violations have been committed.

The Bank's motion is predicated on the transfer of all of the real property of the Parr Meadows Racing Association, Inc. ("Association Property") to Ronald Parr for nominal consideration, and the transfer by Ronald Parr and his wife, Barbara Parr, of their jointly owned home to Florence Wonsor. As to the transfer of the Association Property the Bank in its motion papers states that:

> Because of the pending litigation between the Bank and Parr, as well as various threats made by Parr prior to this transfer, the Bank has *reason to believe* this transfer of the Association's Property *may have been made* knowingly, fraudulently, and with actual intent to hinder, delay, and defraud the Bank and

---

2. Our system of federalism requires that in the absence of a clear Congressional mandate, Bankruptcy Courts should not interfere with State Court criminal proceedings and state criminal investigations. *See, Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). U.S.Const. Amend. X.

other creditors of Parr. (emphasis supplied).

As to the transfer of the Parr home, the Bank states that:

*Upon information and belief*, this transfer was made for less than fair consideration, at a time when Parr was either insolvent or rendered insolvent as a result of that transfer. *By information and belief*, despite the transfer of the Parr home described in paragraph "7" Parr and his spouse have continued to reside in the home, pay the mortgage outstanding on the property, maintain the property and insure it. Despite the transfer described in paragraph "7" above Parr has, *on information and belief* retained equitable ownership of at least his half interest in the home, and has concealed that interest with actual intent to hinder, delay and defraud his creditors including the Bank. (emphasis supplied)

## V.

The Bank's allegations regarding the transfer of the Association Property consists of a "double maybe": the Bank does not know, but it has "reason to believe" that the transfer of the Association property, not was, *but may have been*, made knowingly, fraudulently and with actual intent to hinder, delay, and defraud the Bank and other creditors of Parr.

The allegations are indeed serious. However, the Bank has not produced any evidence to show that Ronald Parr possessed the requisite fraudulent and/or criminal intent at the time the Association Property was transferred. This Court notes that the Bank has commenced an adversary proceeding to bar Ronald Parr's discharge ("adversary proceeding"), listing as one of the grounds for relief the transfer of the Association Property. The Court assumes that at the trial on this adversary proceeding, evidence will be introduced to show whether Ronald Parr possessed the requisite intent under Bankruptcy Act section 14(c) and 18 U.S.C. section 152.

3. It appears that Barbara Parr is neither a bankrupt nor a debtor in a bankruptcy proceeding.

## VI.

The Bank alleges that upon information and belief, that Ronald Parr and his wife Barbara Parr [3] transferred the Parr home for less than fair consideration at a time when Ronald Parr was insolvent, or rendered insolvent, as the result of the transfer. The Bank also alleges, that upon information and belief, Ronald Parr continues to reside in the home, pays the mortgage outstanding on the property, maintains the property, and insures it. The Bank further alleges, again upon information and belief, that Ronald Parr has retained equitable ownership of at least his half interest in the home, and that he has concealed that interest with actual intent to hinder, delay and defraud his creditors, including the Bank.

In support of its motion, the Bank has submitted several "exhibits", to wit: a copy of the deed transferring the Parr home; a copy of Ronald and Barbara Parr's tax returns for the years 1972–1975; and two mortgage statements that bear the notation: "Parr, R & B, 6 Glenrich Dr., St. James, N.Y."

Taking the exhibits in inverse order, the mortgage statements merely indicate that they were addressed to R & B Parr at 6 Glenrich Dr., St. James, N. Y. These mortgage statements do not prove that Ronald Parr has been making the mortgage payments on the Parr home. The Court notes that the Bank has not shown any facts, such as cancelled checks drawn by Ronald Parr payable to the mortgagor, Central Federal Savings, which support the Bank's allegations. The mortgage statements in and of themselves do not create reasonable grounds for believing that Ronald Parr has violated the Bankruptcy Laws.

The Bank also has submitted the Parrs' federal income tax returns for the years 1972–1975 ("tax returns"). While the tax returns for the years 1973–1975 may

show that the Parrs did not pay income tax for those years, the tax returns do not prove that Ronald Parr was insolvent under a balance sheet test as set forth in Bankruptcy Act Section 1(19). That section provides that a person is deemed insolvent under the Bankruptcy Act when "the aggregate of his property . . . shall not at a fair valuation be sufficient an amount to pay his debts." The "balance sheet test" focuses not on the liquid funds available at the time of a transfer, but rather on the liquidation of the debtor's assets compared to his current liabilities. *Constructora Maza, Inc. v. Banco de Ponce,* 616 F.2d 573, 577 (1st Cir. 1980). The Bank's exhibits do not indicate that Ronald Parr was insolvent under a balance sheet test at the time of the alleged transfers.

Further, the Bank's motion papers do not indicate whether Ronald and Barbara Parr owned the Parr home as tenants in common, joint tenants or tenants by the entirety. Since Barbara Parr does not appear to be a bankrupt or a debtor in a bankruptcy proceeding, the question whether Ronald Parr received fair consideration for his share of the Parr home may depend on whether Ronald and Barbara Parr held the Parr home as tenants in common, joint tenants or tenants by the entirety. Moreover, since the Bank's affidavit does not specify what consideration Ronald and Barbara Parr received for the transfer of the Parr home, this Court is unable to determine whether fair consideration was received. Accordingly, the Court perceives no reasonable grounds for believing that Ronald Parr has violated the Bankruptcy Laws.

In addition, the Bank has not shown any facts indicating that Ronald Parr is maintaining an interest in the Parr home with actual intent to hinder, delay, and defraud his creditors.

The Court notes that the Bank commenced an adversary proceeding against Ronald Parr in which the transfer of the Parr home for less than fair consideration is one of the grounds set forth for relief. The Court assumes that at the trial on the adversary proceeding evidence will be introduced showing: whether Ronald Parr transferred his portion of the Parr home for less than fair consideration; whether Ronald Parr retained equitable ownership of at least half his interest in the home; whether Ronald Parr has concealed that interest with *actual intent* to hinder, delay, and defraud his creditors; whether Ronald Parr has continued to reside in his former home; whether Ronald Parr has continued to pay the mortgage outstanding on the property; and whether Ronald Parr has maintained the property and has continued to insure it.

### VII.

In support of the instant motion the Bank has referred this Court to an action commenced by the Bank, now pending in Supreme Court of the State of New York, County of Suffolk, entitled: *Flushing Savings Bank v. Alfred R. Parr, Ronald J. Parr, Barbara Parr, Mary Rauschenbach, Jean Bracciodieta, Daniel Bracciodieta, Florence Wonsor, Dolores Snyder, Lido Construction Corp., The Parr Company of Suffolk, Inc., Ting Realty Corp., and Parr Meadows Racing Association, Inc.,* bearing Index No. 15806/79 ("State Court action"), in which the Bank seeks to set aside under New York state law certain allegedly fraudulent conveyances made by, among others, Ronald Parr.

In opposition to the Bank's motion, Ronald Parr has referred the Court to his motion, dated January 10, 1980, made in the State Court action, to dismiss the State Court action on the ground that the Bank's causes of actions have no merit.

The Bank, in support of the instant motion, has referred this Court to its motion dated February 19, 1980, made in the State Court action, for an order granting it summary judgment on its second cause of action, i. e., declaring certain conveyances as fraudulent under the New York State Debtor and Creditor Law.

The papers relating to the State Court action submitted by both sides have been of little assistance in determining whether Ronald Parr has violated the Bankruptcy Laws. Moreover, the Court has been ad-

vised by counsel for the Bank and counsel for Ronald Parr that their respective motions for summary judgment made in the State Court action are currently *sub judice*.

## CONCLUSION

The Bank's motion for an Order of this Court directing an investigation by the Suffolk County District Attorney's Office is denied for the grounds hereinabove set forth.

The Court also finds that at this time there are no reasonable grounds for believing that Ronald Parr has violated the Bankruptcy Laws.

█ This decision in no way bars the Bank or any other creditor of Ronald Parr from reporting to the appropriate authorities suspected violations of state or federal law. Nor does this decision bar the Court or a trustee from reporting to the United States Attorney, upon an appropriate showing, possible violations of the Bankruptcy Laws, *sua sponte*, or upon the request of the Bank or any other party in interest.

Settle order on three (3) days notice.