**MARIETTA BAPTIST TABERNACLE and Marietta Christian Schools, Debtors.**

**MARIETTA BAPTIST TABERNACLE and Marietta Christian Schools, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy Nos. B75–1066A, B75–1067A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Aug. 20, 1981.

Stacey W. Cotton, Cotton, Katz, White & Palmer, P.A., Atlanta, Ga., for plaintiffs.

Gerald B. Leedom, Washington, D.C., for defendant.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter comes before us on defendant's motions for summary judgment. The facts and issues are similar in each motion, and will be combined for determination herein.

The present matter had its beginnings in debtors Chapter XI arrangement filed in 1975. A plan was confirmed in late 1975 and the arrangement estate was closed on December 14, 1979 by this Court.

In that case the defendant filed Proofs of Claims for unpaid unemployment taxes. These were fully paid by the debtors pursuant to an agreement between debtors and IRS.

In April 1980, the case was re-opened to consider debtor/plaintiffs complaint to determine dischargeability of debt. The IRS, since the tax debt itself was paid off under the agreement, has been attempting to collect pre-petition penalties and post-petition interest that arose from that tax debt. Thus the plaintiff's complaint. Plaintiffs contend that their personal liability for post-petition interest and pre-petition penalties has been discharged, or, if owed, should be payable in monthly installments in the same manner as the tax debts themselves. (See agreement, exhibit "C" in 8/19/80 Stipulation.) Plaintiffs further contend that even if the interest and penal-

ties are owed by them, that the defendants should be estopped from collecting these debts because the IRS representatives did not indicate that there were in existence additional claims that the IRS would assert against the plaintiff.

The defendant contends that plaintiffs are personally liable for all interest and penalties, that the agreement under which the tax debt itself was paid was in no way meant to cover these present claims, and that therefore they should not be limited by that agreement in their collection efforts.

## ISSUES

1. Is the Government entitled to collect from the debtors personally on a claim for post-petition interest arising out of a non-dischargeable tax debt?

2. Is the Government entitled to collect from the debtors personally on a claim for pre-petition penalties arising out of a non-dischargeable tax debt? If they are,

3. Should the Government be estopped from collecting these debts?

4. If not, are these debts covered by the agreement covering the tax debt payment itself, and if so, should this court require the debtor to be paid under that agreement?

## APPLICABLE LAW

Section 17(a) of the Bankruptcy Act of 1898 (11 U.S.C. § 35) provides that "A discharge in Bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which become legally due and owing by the bankrupt to the United States within three years preceding bankruptcy." Section 371 (11 U.S.C. § 771) applies the non-dischargeability provisions to Chapter XI arrangements. The claim in this case is for post petition interest accruing on a non-dischargeable tax debt that was paid in debtor/plaintiffs Chapter XI arrangement. The case has been reopened to determine whether or not the defendant can collect on a claim for pre-petition penalties and post-petition interest arising from this debt.

In regard to the claim for interest the Supreme Court held in *New York v. Saper*, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949) that in a liquidation proceeding interest runs only to the date of the bankruptcy. In an Eighth Circuit case, *U. S. v. General*, 188 F.2d 80 (affirmed per curiam by the Supreme Court without opinion in *U. S. v. General*, 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682 (1952)), the Court held that in a Chapter XI arrangement interest runs only to date of bankruptcy also. However in *Bruning v. U. S.*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1963), addressing the issue of post-petition interest, the Supreme Court made a distinction in a liquidation proceeding between the bankrupt estate and the debtor personally. It was held that the prohibition of interest running beyond the date of bankruptcy applied only to the bankrupt estate. The interest claim itself survives and can be asserted against the debtor personally. The reasons for not allowing the interest claim to be proved against the estate—the inconvenience of administration and prejudice to creditors—are not present when the claim is asserted against the debtor personally. Thus it distinguishes *Saper*. As to the debtor's argument that to allow the United States to collect this debt would interfere with the purpose of the Act to give the debtor a fresh start, the Court said that Section 17 "demonstrates congressional judgment that certain problems—e. g., those of financing government—override the value of giving the debtor a wholly fresh start. Congress clearly intended personal liability for unpaid tax debts survive bankruptcy." As to the interest, "initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liabilities to continue as to the interest on that debt as well as to its principal amount."

The Supreme Court has not however ruled on the issue of whether or not the *Bruning* rationale would apply in a Chapter 11 arrangement proceeding. Defendant in his brief in support of his motion for sum-

mary judgment cites cases from the second and third circuits which have extended the *Bruning* rationale to Chapter 11 proceedings. In support of its motion for summary judgment the United States has cited the Second Circuit case of *In re: Johnson Electrical Corporation*, 442 F.2d 281 (1971). The facts in that case are similar to the facts in the case before us. The United States filed a tax claim in *Johnson Electrical Corporation's* Chapter 11 arrangement which under Section 17 of the Act was not dischargeable. The claim was fully paid under the arrangement. The Government then moved to collect post petition interest on that claim. The Court by Judge Friendly basically reiterated the reasoning expressed in *Bruning v. United States*. The Court at no time addressed the issue (if any) as to whether or not the *Bruning* rationale would be appropriate in a Chapter 11 arrangement. It was simply applied to the case. One basis asserted in *Johnson* for disregarding *Bruning* was that in *Bruning* only a partial payment of the original tax claim had been made. In *Johnson* and in this case the entire tax claim had been paid. The Court in *Johnson* felt that this distinction was not sufficiently substantial to change the result.

The case of *Eby v. U. S.*, 456 F.2d 923 (3 Cir., 1972) extended the *Bruning* rationale to Chapter 11 arrangements in that circuit. Stating again the principle that post petition interest cannot be collected out of the bankrupt's estate, the Court went on to use the *Bruning* distinction between payments out of the debtor's *estate* and payments from the debtor *personally*. In *Eby* as in *Johnson* the taxes were paid in full and the *Eby* court did not consider this to be an important enough factor to distinguish it from *Bruning*. *Eby* also restates the principle that the problem of financing Government overrides the purpose of the Bankruptcy Act in providing the debtor with a fresh start.

Defendants cite a recent case from the Second Circuit, *In re: Jaylaw Drug*, 621 F.2d 524 (1980) which follows *Johnson* and *Eby* but addresses the question of whether or not there is any distinction to be made between a liquidation proceeding and an arrangement for purposes of applying *Bruning*. The Court in *Jaylaw Drug* said that the reasons advanced in *Bruning* for not allowing interest claims to be collected out of the estate but only to be collected from the debtor personally are "Not based on any inherent differences between the two" (the estate and the debtor personally) "which can be said to be absent in the Chapter XI context. Rather it was based on the differing applicability of policy considerations of equity to other creditors and administrative convenience, a difference which extends to Chapter XI cases." at 528.

*Jaylaw* is the case relied on to some extent by the Plaintiff as authority for not extending *Bruning*. "It is arguable that the extension of the *Bruning* principle to arrangements under Chapter XI was not quite so inevitable as we and the Third Circuit assumed. In ordinary bankruptcy there is a sharp distinction between the estate and the bankrupt. The estate, after payment of administration expenses, is distributed to creditors; the bankrupt emerges with none of the assets of the estate and continues with only exempt and after-acquired assets which had never formed part of it. In some arrangements a major part of what had been the "estate" continues to remain in the hands of the arranged debtor. In such cases the rule that while post-petition interest cannot be collected from the "estate", it can be collected from the former debtor after the Chapter XI proceeding is terminated, may appear to be lacking in reality.

"Despite this, we see no sufficient reason to part from our decision in *Johnson Electric* even if this panel had the power to do so, which it does not."

In *Collier*, (14th Ed. Vol. 3A) at p. 1868–1869), it is stated "the Supreme Court, in *Bruning v. United States* has held that an individual bankrupt remains personally liable for post petition interest on its tax claim, even though he has obtained a discharge and even though the interest is not collectable from the bankrupt estate. In

effect, the post petition is recoverable from after acquired assets. As a natural corollary, the Second and Third Circuits extended the ruling in *Bruning* to a debtor arranged in Chapter XI holding that after confirmation of a plan although the tax debt was paid in full pursuant to the plan, the debtor remained liable for interest accruing from the date of the filing of the petition until the date of payment of the underlying tax debt. Presumably the same result based on the same reasoning, that of nondischargeability, would apply to tax penalties not allowable in bankruptcy proceeding."

Plaintiff argues that because, as expressed in *Jaylaw*, "a major part of what had been the "estate" continues to remain in the hands of the arranged debtor ..." There is a significant distinction between a liquidation (where there is a clear separation of the estate from the debtor) and an arrangement (where, it is argued, the separation is unclear). Thus, argue plaintiffs, *Bruning*, which applies expressly only to liquidation, should not be extended to arrangements, because there is too much difference between an arrangement and a liquidation to treat them in the same manner.

In further defense of the Plaintiffs' position, it is asserted that to accept the defendant's position would be to harm the rehabilitation of the debtor's business, which may logically be in a shakey financial position, having gone through an arrangement only a few years earlier. However this argument must be countered by the clear provisions of § 17(a) which apply to Chapter XI (see section 371) making tax debts nondischargeable. This is simply one area where little sympathy is found for the debtor's fresh start. This Court sees no reason to treat arrangements and liquidation any differently for purposes of this case. The arrangement estate has been closed, and defendants are now proceeding against the assets of the debtor personally. This Court is not convinced that there is any reason why it should not extend *Bruning* to Chapter XI arrangements as the Second and Third Circuits have done.

## PENALTIES

Section 57(j) of the Bankruptcy Act (11 U.S.C. § 93(j)) provides that "Debts owing to the United States ... as a penalty or forfeiture shall not be allowed, except for the amount of pecuniary loss sustained by the Act, transaction, or proceeding out of which the penalty or forfeiture arose..." The penalties in this case do not fall under the exception.

The Supreme Court held in *Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1961), that § 57(j) applied to bar allowance of claims against the estate of a bankrupt for federal tax penalties, even though a lien had been perfected. The Court, at page 40, 82 S.Ct. at 538, said "... [T]he prohibition of all tax penalties in bankruptcy is wholly consistent with the policy of the penalty provisions themselves. Tax penalties are imposed at least in part as punitive measures against persons who have been guilty of some default or wrong. Enforcement of penalties against the estates of bankrupts, however, would serve not to punish the delinquent tax-payers, but rather their entirely innocent creditors."

▮ Neither the Supreme Court nor the Fifth Circuit have directly approached the issue at hand, however. Here, we are trying to determine if pre-petition penalties, which, under *Granquist* cannot be allowed against the bankrupt estate, can be asserted against the *debtor* personally after the close of his Chapter XI proceeding. Defendants contend that they may assert these penalties against the debtor personally, and cite a Second Circuit case in support of their contention.

*World Scope v. United States*, 348 F.2d 640 (2 Cir., 1965) held that such a penalty was not discharged by debtor's Chapter XI plan since it was not "provided for by the arrangement." § 371 (11 U.S.C. § 771). The debtor in *World Scope* relied on *Granquist*, where the Supreme Court said, as quoted above, that allowing the enforcement of penalties against the estate would punish creditors rather than taxpayers. The *World Scope Court*, by Judge Marshall,

drew a distinction between the bankrupt, or arrangement estate, and the debtor personally, citing *Bruning v. U. S.*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964) in support.

The *World Scope* Court allowed the pre-petition penalties to be asserted against the debtor personally, based on the distinction used in *Bruning.* In recent cases cited by defendants, *In re: Jaylaw Drug*, 621 F.2d 524 (2 Cir. 1980) and *Matter of Becker's*, 632 F.2d 242 (3 Cir. 1980) these circuits have followed their own reasoning in such earlier cases as *Johnson, Eby* (on interest) and *World Scope* (on penalties). Pre-petition penalties and post-petition interest on a tax debt are personal liabilities of the debtor that survive the bankruptcy proceeding. Both cases were Chapter XI proceedings.

The rationale for allowing both pre-petition penalties and post-petition interest to be asserted against the debtor personally is similar in both areas. A main concern is that to allow them against the estate would be to the injury of other creditors. But that fear is not present when proceeding against the debtor personally. The estate having been distributed (in a liquidation), there is no harm in then asserting the claim against the debtor's personal assets. Another similarity is that neither claim is allowable in the bankruptcy proceeding.

A problem with extending this reasoning to a Chapter XI arrangement is that the distinction *Bruning* raised between a liquidation estate and the debtor personally is arguably not as sharp and clear between an arrangement estate and the debtor personally. It is argued that it would damage the debtor's rehabilitation under the arrangement if the U. S. is allowed to assert their claims, because of the lack of clarity between what are the debtors personal assets, and what are arrangement assets, where the debtor has retained the arrangement estate himself to work it out. But here, the arrangement estate is closed, and the defendant is asserting pre-petition penalties against the plaintiff's personal assets. While it may pose some threat to the business of the debtor it must be remembered

that certain objectives—here, financing government—are more important than the debtor's fresh start.

■ Since we have determined that the claim is good should the United States be estopped from asserting and collecting it?

Plaintiff would have to overcome parol evidence problems involved with the agreement, which clearly states that "nothing contained herein shall constitute a waiver of the government's right to collect pre-petition penalties and post-petition interest." (Paragraph 13). Paragraph 9, which plaintiff asserts "clearly indicates that use of an installment method of payment was to be used for all amounts due or to become due to the defendant", clearly speaks in terms of additional taxes only, not penalties or interest applying to the debts evidenced in the proofs of claims.

Even if there were no parol evidence problem, estoppel would not be appropriate in this case.

In *Bay Sound v. U. S.*, 410 F.2d 505 (1969) (5 Cir.), a taxpayer asserted that the IRS should be equitably estopped to deny a seven-year useful life estimate on a boat because of the alleged assurances of the local IRS representatives. The court cited the lack of authority in the agents to bind the Government as critical. ". . . the Government will not be estopped by the unauthorized statements of its agents."

In another Fifth Circuit case, *Posey v. U. S.*, 449 F.2d 228 (1971), the court said, "Regardless of the strong moral implications, it is well established that the Government is not bound by the unauthorized or *incorrect* statements of its agents" (emphasis added).

In *Marion v. IRS*, 45 AFTR 2d (Dist.Ct. W.D. Virginia) 80–1673, a case with facts similar to the instant case, the IRS moved to collect penalties and post-petition interest on a nondischargeable tax debt after the corporation had been sold when the corporation sought an arrangement under Chapter XI. The purchaser of the corporation had made his offer good on the condition "that should this be confirmed", [the offer] "the $35,000.00 will be the total of my re-

sponsibility." The IRS had filed a claim and was on notice of all proceedings, and the Bankruptcy Judge stated that the creditors accepted this proposal. Nevertheless, the IRS notified the corporation and its purchaser that it would be proceeding against it for the penalty and interest, and the court found in favor of the IRS.

Aside from a general statement on equitable estoppel, the case cited by Plaintiffs in support of their contention that defendants U. S. should be estopped from collecting their claim is *Clark v. U. S.*, 77–1, U.S.T.C. § 9397 (1977), a District Court case from Kansas. That case, while it did involve an estoppel, was an estoppel against the taxpayer, not the U. S. Also, the above cited cases from the Fifth Circuit, as well as statements such as this: "The assessment and collection of revenues is a governmental function, and the doctrine of estoppel has no place here." (*Elrod v. O'Malley*, 57 F.Supp. 915 (D.C.Neb.1944), clearly show the difficulty of proving tax estoppel. See generally, J. Mertens, Law of Federal Income Taxation, §§ 60.7, 60.14–15 (1975). Plaintiff's estoppel argument has no merit.

■ If the debts are owed and not estopped, should they be paid by installment under the agreement which covered the original tax debt?

Paragraph 9, on which the Plaintiff relies, refers to *additional taxes* being payable by continuing the installments as long as necessary. It does not refer to any interest or penalties in connection with the already payable tax debt. Also Paragraph 10 specifically provides that interest accrues on Federal Tax liabilities and that it shall be paid upon conclusion of the monthly payments for the tax debt itself. Finally, Paragraph 13 expressly states that the Government (Defendants) are not waiving any right to collect pre-petition penalties and post-petition interest. While the debtor and IRS may want to agree on a payment schedule, this court can see no basis under the agreement to allow the court to require it.

## CONCLUSION

Based on the applicable law in this case this Court finds that:

(1) The debt paid by plaintiff to Defendant for taxes due was of a non-dischargeable nature, and

(2) The pre-petition penalties and post-petition interest arising from that debt are also non-dischargeable and therefore unaffected by plaintiff's discharge.

(3) The arrangement estate has been closed and all stays lifted.

(4) There is no merit in plaintiff's estoppel argument.

(5) This Court has no authority in this case to order any payment plan for the penalties and interest.

In view of the foregoing reasoning, it is hereby

ORDERED that defendant's motions for summary judgment are granted.